IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE FASSETT, | ) | |
|         Plaintiff, | ) | C.A. No. 25-62 Erie |
| v. | ) | |
| | ) | |
| ROME, et al., | ) | District Judge Susan Paradise Baxter |
|         Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Maurice Fassett commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against Defendants Rome and Wilson President of USA. The "complaint" consists of various disjointed phrases and run-on sentences that are largely unintelligible. In particular, Plaintiff alleges the following, in pertinent part:

> The president called the nation of Germany, nations, The nations are not for everyone, there's two German and African, Asal is for religion Mecca or Israel. The white people are going extinct when we have our own nation, given to us by God, non Jew, blue eyed white skin. The peace treaties denies domestic national rights, to whites with blue eyes, to be safe in their nation, the blue eyed people made – a threat to America, not all those other foreign countries. They don't have any rights to come to our countries in the first place.

(ECF No. 1-1, Section III C). As relief for his claims, Plaintiff seeks, *inter alia*, "protection for the European bank to come, to USA, and set up my lie detector test,…" (Id., Section V).

Plaintiff has since filed three additional "motions" seeking to add clarification and/or amendments to his complaint by alleging more unintelligible allegations [ECF Nos. 3, 4, 5].

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the

1

plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings that are essentially unintelligible or, at best, merely bald and conclusory allegations of wrongdoing. Moreover, the "complaint" fails to establish any grounds upon which this Court may exercise either personal jurisdiction over the named Defendants or subject matter jurisdiction over the "claims" raised by Plaintiff. Having failed to provide any factual predicate for any cognizable action that may be heard by this Court, Plaintiff's "complaint" fails to state a claim upon which relief can be granted. Because further amendment would not be able to cure its deficiencies, the "complaint" will be dismissed with prejudice and Plaintiff's subsequent "motions" [ECF Nos. 3, 4, 5], will be denied as futile.

An appropriate Order follows.